UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 79-6086-CR-COHN\SELTZER
CASE NO. 80-6064-CR-COHN\SELTZER

UNITED STATES OF AMERICA,

v.

CAESAR VELEZ,

           Defendant.
_____/

GOVERNMENT'S RESPONSE TO STANDING DISCOVERY ORDER

    The United States of America hereby files this response to the Standing Discovery Order issued in this case. This response is numbered to correspond to that Order.

A.   1.   The defendant did not make a written statement.

      2.   There are no oral statements made by the defendant before or after arrest, in response to interrogation by persons then known to the defendant to be government agents, which the government will offer in evidence at trial, other than a personal history taken at the time of arrest.

      3.   The defendant did not testify before the Grand Jury.

      4.   The criminal record of the defendant is attached.

      5.   Books, papers, documents, etc., which the government intends to use as evidence at trial to prove its case in chief, or which were obtained from or belong to the defendant, may be inspected by making an appointment with undersigned counsel. Such items include, but are not limited to, the documents attached hereto as bate stamped items 1-241.

B.   The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made to pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government is unaware of any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady.

D. The government is unaware of any payments, promises of immunity, leniency, or preferential treatment, made to prospective government witnesses within the scope of Giglio or Napue.

E. The government is unaware of any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F. The defendant was not identified in a lineup, show-up, photo spread, or similar identification proceeding.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will advise the defendant prior to trial of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise.

I. The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J. The Grand Jury Testimony of all witnesses who will testify for the government at the trial of this cause is attached.

K. The lab reports of the controlled substances involved in this investigation are attached.

L. The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that remains in police custody.

M. The government is aware of latent fingerprints or palm prints which have been identified by a government expert as those of the defendant. The defendant's prints were matched by AFIS after his arrest on June 23, 2009 with the prints obtained in the instant 1979 drug case post-arrest.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense were:

1. Date:    See Overt Acts Set Forth in the case number 79-6086 Indictment
   Place:   See Overt Acts Set Forth in the case number 79-6086 Indictment
   Time:    See Overt Acts Set Forth in the case number 79-6086 Indictment

>Respectfully submitted,
>
>JEFFREY H. SLOMAN
>ACTING UNITED STATES ATTORNEY
>
>By:   *s/Donald F. Chase, II*
>DONALD F. CHASE, II
>ASSISTANT UNITED STATES ATTORNEY
>Court Number A5500077
>500 East Broward Boulevard, Suite 700
>Fort Lauderdale, Florida  33394
>Tel. (954) 356-7255
>Fax. (954) 356-7336

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 31st day of July 2009 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

>*s/Donald F. Chase, II*
>DONALD F. CHASE, II
>ASSISTANT UNITED STATES ATTORNEY